## In re EGLER.
### Patent Appeal No. 2725.

Court of Customs and Patent Appeals.
May 25, 1931.

Blount & Helbert, of Philadelphia, Pa. (George K. Helbert and Frederick A. Blount, both of Philadelphia, Pa., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 1, 2, 3, and 5 to 9, inclusive, in appellant's application for a patent for an alleged invention relating to improvements in the construction of walls for open hearth furnaces.

Claim 8 is illustrative and fully describes appellant's alleged invention. It reads:

"8. In an open hearth furnace having a hearth of normal width, a wall having a vertical lower portion extending to the vicinity of the slag line, an outwardly and upwardly inclined portion extending from the upper end of said vertical portion to a point above the slag line and a vertical portion above said inclined portion extending to the roof, and furnace lining material covering said inclined portion and extending partially up the face of the superjacent vertical portion of the wall."

The references are: Isles, 1,495,519, May 27, 1924; Naismith, 1,563,038, November 24, 1925.

The Primary Examiner described the references as follows:

"Naismith shows the side wall resting at its lower end upon the side wall of the vertical hearth wall and sloping outwardly and upwardly to the outer edge of the roof and the angle is stated to be not materially less than the angle of repose of the lining material, see page 2, lines 19 and 20 of the specification.

"Isles, in Fig. 4 shows a sloping hearth wall with a vertical side wall 3 displaced outwardly from the inner face of the top of the hearth wall with refractory material piled upon the sloping hearth wall and against the vertical side wall."

The Primary Examiner held, in substance, that appellant had merely modified the structures shown in the references without producing an unobviously new result.

The Board of Appeals held that appellant's structure was not substantially different from the Naismith disclosure, and, after stating that it was customary in open hearth furnaces to line the bottom part of the walls with loose refractory material, that the walls in the Isles reference extended considerably above the refractory material, and that it had been found in practice that the exposed walls were injured by the heat, necessitating rebuilding of the furnaces, pointed out that the walls of appellant's furnace were protected by extending the loose material to a higher point. Thereupon the Board said:

"Appellant contends that he discovered that it was unnecessary to protect the side walls entirely to the roof and that he designed a furnace which is much superior to that of Naismith. He urges that the space at the sides of the Naismith furnace beyond the metal bath is greater than in his construction,

thereby increasing the amount of air and gas necessary. Also, he contends that it is necessary to construct furnaces of the Naismith type larger in order to accommodate the same amount of material being treated and that the roof construction of Naismith is weaker. He points out that the overhang as shown at 64 of Naismith gets in the way of operatives and is objectionable. We have considered these points carefully but in our opinion there is substantially little difference in the capacity of the two furnaces or in the amount of gas and air necessary for operation. If appellant should continue the inner slope of the wall 16 upwardly somewhat in a curve as shown on the inner face of the wall 66 of Naismith and then continue the bank of loose material to the roof, it is believed there would be no substantial difference in the amount of gas and air required in these structures. While it might be necessary to extend the roof slightly it is not believed that the difference would be material. As far as the overhang at 64 of Naismith is concerned there is no reason why the projecting horizontal portion cannot be inclined, if it is found that it interferes with the operatives, without modifying the internal construction of the furnace. It seems clear to us that Naismith recognized that it was unnecessary to supply the same amount of protection to the upper portion of the walls as to the lower and for this reason the layer of loose material is shown much thinner there, as previously stated."

It is contended by counsel for appellant that appellant has devised a furnace structure of longer life than that disclosed by Isles without loss of any of the advantages obtained therefrom; and that appellant's structure is as durable as the Naismith disclosure, and has the following important advantages, whereby steel may be produced at less cost: It requires less floor space, the cost of construction is less, and, the "volumetric capacity" being less, the heating gases are more closely confined and are utilized more efficiently, thereby reducing the amount of air and fuel required to heat a charge of given tonnage capacity.

It is further argued by counsel for appellant that appellant has produced a novel and unobvious combination, that it produces new and useful results, and that appellant is entitled to a patent.

It is conceded by the Solicitor for the Patent Office that appellant's structure is novel. It is argued, however, that it was uninventive to make the upper part of the walls in the Naismith reference vertical instead of outwardly flaring, in view of the fact that the patent to Isles shows exactly that very thing, and that, although appellant may have produced a better furnace than either of those disclosed in the references, the combining of the old elements and the results obtained therefrom were obvious to one skilled in the art.

Although we are unable to agree with that part of the Board's decision in which it is held that the volumetric capacity in the Naismith reference is not substantially greater and that it will not require substantially more fuel in operation than appellant's structure, we are in accord with the decision of the tribunals of the Patent Office in holding that, in view of the patent to Isles, it would not involve invention to modify the Naismith disclosure by changing the outwardly sloping walls at a point above the slag line to vertical walls and extending them to the roof. The Isles reference clearly suggests such a structure.

For the reasons stated, the decision is affirmed.

Affirmed.